(Reap. Dec. 10822)

F. B. WILCON CO. *v.* UNITED STATES

Entry No. 5793, etc.

(Decided September 9, 1964)

*Tompkins & Tompkins* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

FORD, Judge: The appeals for reappraisement listed in schedule "A," attached hereto and made a part hereof, covering the automobiles specified on the invoices accompanying the entries covered by the reappraisement appeals listed in the attached schedule "A," have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the automobiles specified on the invoices accompanying the entries covered by the reappraisement appeals listed in the attached Schedule A, which Schedule A is made a part of this stipulation, that were appraised at a value of $1240.00 each, net, (Canadian dollars), consist of automobiles manufactured in England, and imported into the United States from Canada prior to February 27, 1958.

That there was no "foreign value", or "export value", or "United States value", as defined in Sections 402(c), (d), and (e) of the Tariff Act of 1930, as amended, for the automobiles under appeal at the time of exportation thereof.

That in determining the "cost of production" value as defined in Section 402(f) of said Act, the Appraiser included in his above value $1240 each, net, a cost of $95.00 (Canadian dollars) representing a Canadian excise tax, as well as a cost of $230.00 (Canadian dollars) representing a Canadian sales tax. That said Canadian excise tax ($95.) and sales tax ($230.) were paid to the Canadian government prior to exportation to the United States, but they were refunded after exportation, under the same circumstances and conditions involved in the case of *John V. Carr & Son, Inc.*, v. *United States*, Reap. Dec. 10442, and that the record in said *John V. Carr & Son, Inc.* case may be incorporated as a part of the record in this case.

Plaintiff limits its appeals to the claim that said excise tax of $95.00, and the said sales tax of $230.00 should not be included as a part of the cost of production dutiable value.

The appeals set forth in the attached Schedule A are submitted for decision upon this stipulation.

Accepting this stipulation as a statement of facts, I find and hold that the involved merchandise was entered into the United States prior to February 27, 1958, and that in determining the cost of production, as defined in section 402(f) of the Tariff Act of 1930, said excise tax of $95 and said sales tax of $230 should not be included as part of the cost of production, as these amounts were paid to the Canadian Government prior to exportation to the United States, but they were refunded after exportation.

Judgment will be rendered accordingly.